**Walter T. RIPPEN, Jr., Plaintiff,**

**v.**

**Elmer NICKLES, Superintendent, Correctional Field Unit #8, J. D. Cox, Superintendent, Virginia State Penitentiary, O. D. Brown, Director, Dept. Welfare and Institutions, W. K. Cunningham, Jr., Director, Dept. of Corrections, D. P. Edwards, Director, Division of Correctional Field Units, Defendants.**

**Civ. A. No. 70–C–44–H.**

United States District Court, W. D. Virginia, Harrisonburg Division.

Feb. 12, 1971.

---

## OPINION AND JUDGMENT

DALTON, Chief Judge.

In this case the plaintiff, an inmate in the Virginia state penal system, complains that he has been discriminated against in work assignments, that he has been denied adequate medical treatment and that he has been placed in solitary confinement arbitrarily by officers of the state penal system. He also complains of various and sundry other procedures in the administration of Field Unit 8 of the Virginia penal system.

This court has jurisdiction to grant injunctive relief in this case under 28 U.S.C. § 1343 which provides a remedy for the legal right established in 42 U.S.C. § 1983 which reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party in-

jured in an action at law, suit in equity, or other proper proceeding for redress.

■ The named defendants, in their respective capacities as supervisor and subordinates in the administration of Virginia's penal system, come within the ambit of 42 U.S.C. § 1983 and that section would apply should the court find an abuse of Constitutional power. *See* Sewell v. Pegelow, 291 F.2d 196 (4th Cir. 1961), Edwards v. Sard, 250 F. Supp. 977 (D.D.C.1966) and Dixon v. Duncan, 218 F.Supp. 157 (E.D.Va.1963).

■■ Although this court has jurisdiction to redress unconstitutional actions on the part of state officials, such jurisdiction does not exist in order to supervise minutely the operation of the prison system. The responsibility for running the penal system is an executive function. It is a rule grounded in necessity and commonsense, as well as authority, that the maintenance of discipline in a prison is an executive function with which the judicial branch ordinarily will not interfere. However, that system cannot be operated in violation of the law. The law sets the outer limits of executive discretion in administering the correctional system. *See* Sewell v. Pegelow, *supra*, Edwards v. Sard, *supra* and Dixon v. Duncan, *supra*.

■ In the present petition there is a demand that the petitioner be transferred from Field Unit 8 where the abuses are alleged to have taken place. This is *fait accompli* in that the petitioner has already been transferred from Field Unit 8 as he indicates in a supplemental to his petition. Thus, nothing remains to be done to effectuate the petitioner's demand for relief on this account.

However, the petitioner prays this court to hold the respondents liable to him for money damages and subject to other appropriate sanctions for alleged violations of the petitioner's civil rights in the operation of the penal facility as applied to him. His major contentions in this regard allege that he was denied adequate medical treatment for his ailments, that he was discriminated against in the work assignments he received in that he was forced to serve on the road crews from time to time and that he was arbitrarily placed in solitary confinement.

The facts as set forth in his own petition show that the petitioner was personally examined on at least four occasions by doctors either at the field unit or in Richmond and was always pronounced fit for road work except for a brief period when light duty was prescribed. Petitioner further states that he has received periods of light duty and has been temporarily assigned to another field unit for work in a peach cannery. In addition, the petitioner has since been transferred from the field unit where these occurrences took place.

In regard to his being placed in solitary confinement, petitioner's own allegations show that the reason prompting such action by prison authorities was a fight between petitioner and another inmate. Both parties to the fight received the same punishment due to the disturbance as petitioner admits in his demand for relief.

Petitioner also contends that the prison authorities censor inmates' petitions, writs and other legal documents to be presented to the courts in a very subtle manner. His chief complaints are that the writing is permitted only in a locked writing room, the materials are locked up by the guard after each writing session and that one is not permitted to smoke while writing.

The court is unable to conclude from the petitioner's allegations, construed in their most favorable light, that there has been a violation of petitioner's rights which warrants the federal court's intervention into the state's penal administration. Accordingly, the court can find no abuse of the Virginia penal system and further concludes that any order which it might conceivably enter would be no more than officious intermeddling in an essentially executive function.

It is therefore ordered that the prisoner's petition for injunctive relief pursuant to 28 U.S.C. § 1343 is hereby denied in that no violation of rights as established in 42 U.S.C. § 1983 can be reasonably inferred from petitioner's allegations viewed in their most favorable light.